# EXHIBIT A

RECEIVED

2010 MAR 23 AM 9: 12

MONROE COUNTY CLERK

At a Matrimonial Term of the Supreme Court held in and for the County of Monroe and State of New York at the Hall of Justice in the City of Rochester on the _16th_ day of _March_, 2010

Present: Hon. _Elma A. Bellini_
HON. ELMA A. BELLINI
Supreme Court Justice

STATE OF NEW YORK
SUPREME COURT       COUNTY OF MONROE

---

LUCY K. PALMA,
SS#        )204

                          Plaintiff,

-vs-

DONALD C. PALMA,
SS#        i88

                          Defendant.

CALENDAR # 2010-0060NJ
INDEX # 2009/10982

JUDGMENT OF DIVORCE
ACTION FOR A DIVORCE

---

The above entitled action having been brought on by the Plaintiff by the filing of a Summons in the Monroe County Clerk's Office on July 31, 2009 and the service of the same on the Defendant within the within the Commonwealth of Virginia on August 7, 2009 and the Defendant having waived the service of a Verified Answer, allowing this matter to proceed on default and the above entitled action having been brought on by the Plaintiff at a Matrimonial Term of the Supreme Court held in and for the County of Monroe, at the Hall of Justice in the City of Rochester on the _16th_ day of _March_, 2010, before the Hon. Elma A. Bellini, Justice of the Supreme Court; and the same having been duly called by the Clerk of the Court on that day; and the Plaintiff having complied with all provisions of the CPLR as set forth in the Affidavit of

1

Regularity sworn to on the ___3rd___ day of ___February___, 2010, by Deborah A. Indivino, Esq.; and

NOW, THEREFORE, on motion of Deborah A. Indivino, Esq., attorney for the Plaintiff herein, and the Court having made written Findings of Fact and Conclusions of Law; it is hereby,

ORDERED, ADJUDGED AND DECREED, that the marriage between the Plaintiff and Defendant in this action on May 11, 1991 in a religious ceremony, in the City of

Rochester, County of Monroe, and State of New York is hereby dissolved based on cruel and inhuman treatment of Plaintiff by Defendant pursuant to Section 170(1) of the Domestic Relations Law; and it is further

ORDERED, ADJUDGED AND DECREED, that the Separation Agreement signed by the Plaintiff on January 8, 2010 and signed by the Defendant January 10, 2010 which will be filed in the Monroe County Clerk's Office simultaneously with the Judgment of Divorce, is hereby incorporated and shall not be merged in this Judgment, and the parties hereby are directed to comply with every legally enforceable term and provision of said Separation Agreement specifically enforcing such of the provisions of the Separation Agreement as is capable of specific enforcement, to the extent permitted by law, and of making such further judgment with respect to maintenance, support, or alimony as it finds appropriate under the circumstances existing at the time application for that purpose is made to it, or both , and it is further;

ORDERED, ADJUDGED AND DECREED, that there are two children born of this marriage, to wit;    '. Palma, born    92 and '    J. Palma, born '92; and it is further

2

ORDERED, ADJUDGED AND DECREED. The parties jointly own real property which previously served as the marital residence, situated at 302 Inglewood Drive, Rochester, New York 14619. The Wife shall have exclusive use and occupancy of the home. The Wife shall assume full responsibility for payment of the monthly mortgage and home equity loan, real estate taxes and assessments and insurance upon the first of each month and all other terms and conditions regarding said property and the mortgages are set forth in the parties' Separation Agreement; and it is further

ORDERED, ADJUDGED AND DECREED. The parties shall have joint custody of the minor children of the marriage,          . Palma and          Palma with primary physical residency to be with Plaintiff/Mother and visitation between Defendant/Father and his two sons pursuant to the terms of the Separation Agreement; and it is further

ORDERED, ADJUDGED AND DECREED. that regarding the issue of child support, the Father shall pay to the Mother, as and for child support, the sum of $17,829.00 per year. Such sum shall be payable bi-weekly in the amount of $685.73 to coincide with the Father's pay period which is in substantial compliance with the statutory amount calculated pursuant to the Child Support Standards Act. The Plaintiff will go through the Child Support Collection Unit for the payment of child support; and it is further

ORDERED, ADJUDGED AND DECREED. the parties have divided their personal property to their mutual satisfaction; and it is further

ORDERED, ADJUDGED AND DECREED. Each party fully understands that upon the entry of this divorce agreement, they may no longer be allowed to receive health coverage under the other spouse's health insurance plan. The parties acknowledge they

3

may be entitled to purchase health insurance on their own through a COBRA option, if available; otherwise they may be required to secure their own health insurance; and it is further

ORDERED, ADJUDGED AND DECREED, that the medical and health insurance for the children is maintained by the Father. He shall continue to provide such coverage as long as it is available through his employer. If such insurance becomes unavailable, the parties shall compare the coverage and cost of the health insurance policies from their respective employers and agree to cover the children with the better policy taking into consideration cost and coverage. The Father shall continue to maintain health insurance for the children beyond age 21 if his employer's policy so allows provided that there is no cost to the parties.

The parties will contribute to the cost of the difference between a single and a family policy at the rate of 30% to the Mother and 70% to the Father; and it is further

ORDERED, ADJUDGED AND DECREED, that both parties shall carry life insurance on the children in the amount of $50,000.00 each until said children become emancipated; and it is further

ORDERED, ADJUDGED AND DECREED, The parties also receive income via a "buy-out" program from the Husband's former employer. The Husband was formerly employed by Valeo and receives income as part of a Rapid Acceleration Program in the amount of $28,320.00 gross per year in monthly payments of $2,360.00 until 2013. The Husband shall pay thirty-nine percent (39%) of the gross amount, less taxes, to the Wife. If payment of the Wife's share can be effectuated directly from the payor, the Wife shall collect the net amount, after any taxes are deducted, directly. The parties and their

4

counsel shall cooperate to attempt to effectuate direct payment to the Wife for as long as the Husband receives such monthly income; and it is further

ORDERED, ADJUDGED AND DECREED, that pursuant to Separation Agreement each party acknowledges that he or she is self-supporting and each party waives any claims for maintenance that either party may have against the other party both now and in the future; and it is further

ORDERED, ADJUDGED AND DECREED, that each party is entitled to his or her Majauskas share of the other's Valeo pension through a Qualified Domestic Relations Order to secure their respective share; and it is further

ORDERED, ADJUDGED AND DECREED, that neither party shall have an interest in the 401(k) plan and/or IRA of the other; and it is further

ORDERED, ADJUDGED AND DECREED, the Husband's profit sharing plan through his current employer is the Husband's separate property; and it is further

ORDERED, ADJUDGED AND DECREED, that both parties acknowledge that neither party has any other retirement benefits to which the other party may have entitlement and agree that neither shall make any claim to any future retirement benefits which may accrue to the other; and it is further

ORDERED, ADJUDGED AND DECREED, The parties shall file their 2009 income taxes under the form most advantageous to the parties as a whole; i.e. either jointly or married filing separately; and it is further

ORDERED, ADJUDGED AND DECREED, that both parties will retain any vehicles currently in his/her possession free from the claim of the other party; and it is further

5

ORDERED, ADJUDGED AND DECREED, that Plaintiff shall be solely responsible for any credits cards or loans in her name and shall hold the Defendant harmless therefrom and Defendant shall be solely responsible for any credit cards or loans in his name and shall hold the Plaintiff harmless; and it is further

ORDERED, ADJUDGED AND DECREED, that the parties shall retain any checking or savings accounts currently in his/her name free from the claim of the other party; and it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff and Defendant have equitably divided all of their property between themselves and there are no other issues pending between them; and it is further

ORDERED, ADJUDGED AND DECREED, that each party shall be solely liable for any and all counsel fees incurred by each of them in connection with the divorce; and it is further

ORDERED, ADJUDGED AND DECREED, that all other equitable distribution issues are settled pursuant to the parties' Separation Agreement; and it is further

ORDERED, ADJUDGED AND DECREED, that this matter is deemed a default and any future motions pursuant to CPLR Section 2221 do not have to be referred to the undersigned; and it is further

ORDERED, ADJUDGED AND DECREED, that each party may resume the use of any prior surname or maiden name if so desired; and it is further

ORDERED, ADJUDGED AND DECREED, that this Judgment of Divorce is final.

Dated: March 16, 2010
Rochester, New York

ENTER:

*[signature]*

HON. ELMA A. BELLINI
Supreme Court Justice

Approved By:

*[signature]*

SARA STOUT ASHCRAFT, ESQ.
Attorney for Defendant

ATTORNEY'S CERTIFICATION
Pursuant to Section 2105 of the New York Civil
Practice Law and Rules, I, an attorney admitted
to practice in the courts of the State, hereby
certify that this copy has been compared by me
with the original and is a true and complete copy
thereof.

*[signature]*
Deborah A. Indivino, Esq.

7