# EXHIBIT B

RECEIVED

2010 MAR 23 AM 9:11

MONROE COUNTY CLERK

# SEPARATION AND PROPERTY SETTLEMENT AGREEMENT

Between

DONALD C. PALMA

and

LUCY K. PALMA

## SEPARATION AND PROPERTY SETTLEMENT AGREEMENT

THIS AGREEMENT, made the _10th_ day of ___January___, 2010, between DONALD C. PALMA, residing at 17626 Duke St., Dumfries, VA 22026, referred to in this Agreement as the "Husband", and LUCY K. PALMA, residing at 302 Inglewood Dr., Rochester, NY 14619, referred to in this Agreement as the "Wife". In some parts of this Agreement the Husband and Wife may also be referred to as "Father" and "Mother", respectively.

### PREMISES

**WHEREAS**, the parties were married on May 11, 1991, in the City of Rochester, State of New York, in a religious ceremony; and

**WHEREAS**, there are two (2) minor children of the marriage, to wit: _____ J. PALMA and _____ PALMA, both age 17, born ( _____ 1992;

**WHEREAS**, diverse disputes and unhappy differences have arisen between the parties for which reason they have separated and hereby consent and agree to live separate and apart from one another; and

**WHEREAS**, the parties are desirous of entering into a comprehensive Agreement settling all matters concerning their property, custody, visitation, support, and all other marital rights; and

**WHEREAS**, each party has been fully advised with respect to the legal, financial and practical effects of this Agreement by his or her respective counsel; and

**WHEREAS**, in resolving equitable distribution of marital property, the parties considered the following statutory factors, pursuant to Domestic Relations Law Section 236(B)(5):

## ARTICLE XV

## PENALTIES ON DEFAULT

In the event that either party defaults with respect to any obligation set forth in this Agreement, the defaulting party shall pay the attorney's fees and related expenses and costs incurred by the injured party in the enforcement of this Agreement, irrespective of whether such enforcement is ultimately attained by judgment or by settlement

## ARTICLE XVI

## BANKRUPTCY

A. The parties have consented to the terms of this Agreement upon their reliance on the express representations made to each other that all of its terms, particularly those with respect to maintenance, child support, payment of debts, property division, and distributive awards, or any other transfers or payments to implement equitable distribution, shall be fully paid and completed in accordance with such terms and provisions.

B. It is the intention of the parties that the obligations for maintenance, child support, payment of debts, property division, and distributive awards, or any other transfer or payments to implement equitable distribution, which are to be made pursuant to the terms and provisions of this Agreement, shall not be discharged, canceled, terminated, diminished or in any way affected by the filing of a petition in bankruptcy, or by the making of any assignment for the benefit of creditors.

C. Accordingly, in the event that either party files a petition in bankruptcy or makes an assignment for the benefit of creditors, all transfers or payments provided for

in this Agreement are intended to be maintenance or child support. The party who files such petition in bankruptcy or makes such assignment for the benefit of creditors shall be liable for any resulting tax consequences.

D. To the extent that any obligation arising under this Agreement may be discharged, canceled, terminated, diminished or in any way affected by the filing of a petition in bankruptcy, or by the making of any assignment for the benefit of creditors, the party adversely affected by such action shall be entitled to apply to any court of competent and appropriate jurisdiction for modification of this Agreement and any Order or Decree into which it may hereafter be incorporated. The party who files such petition in bankruptcy or who makes an assignment for the benefit of creditors hereby consents that in any proceeding brought by the other party pursuant to this provision, the court hearing the same may grant economic relief of any kind or nature to relieve the other party of the adverse impact of the bankruptcy or assignment, irrespective of the otherwise applicable standards for such relief, including, but not limited to, the granting of maintenance to a party who would otherwise not qualify for such relief under the criteria of the particular jurisdiction.

### ARTICLE XVII

### PAYMENTS MADE UPON DEFAULT OF OTHER PARTY

If either party makes a payment or payments with respect to any debt or obligation of the other party due to the default of such other party, the party who makes such payment shall have, in addition to other rights or remedies which he or she may have at law or equity or pursuant to the terms of this Agreement, the right to either deduct the amount of such payment or payments from any other payment or payments

18

amount, after any taxes are deducted, directly. The parties and their counsel shall cooperate to attempt to effectuate direct payment to the Wife for as long as the Husband receives such monthly income.

D. Each of the parties to this Agreement is gainfully employed and fully capable of self-support and providing for his or her own reasonable needs. Accordingly, each party forever waives any claim for maintenance from each other. Each party has been specifically advised of the provisions of Domestic Relations Law Section 236(B)(6) relative to maintenance and makes this waiver with full knowledge of such rights as are set forth in that statute.

### ARTICLE XXIX

### PROPERTY DISTRIBUTION

A. REAL PROPERTY:

1. The parties jointly own real property which previously served as the marital residence, situated at 302 Inglewood Drive, Rochester, New York 14619, and they shall continue to do so until the sale of the home or by mutual agreement the parties transfer the property to their sons. This property currently is encumbered by a mortgage with a principal balance of approximately ~~HOW MUCH~~ [$76,000 ± 3°° per] and a Home Equity Line of Credit with a principal balance of approximately ~~HOW MUCH~~ [$10,000 ± $°° per].

2. The Wife shall have exclusive use and occupancy of the home. The Wife shall assume full responsibility for payment of the monthly mortgage and home equity loan, real estate taxes and assessments and insurance upon the first of

30

the month following the execution of this Agreement. Until child support terminates, the Wife shall make the monthly payments on the mortgage and the home equity loan and shall forward verification thereof to the Husband. When child support terminates, each party shall pay 50% of the payments on the present mortgage (or an agreed upon successor mortgage) and the present home equity line of credit (or an agreed upon successor home equity line of credit). Each party shall be entitled to deduct the mortgage interest and real property taxes paid on the property on his or her Federal and State Income Tax Returns. Once the property is paid off, each party shall retain fifty percent (50%) ownership of the property. The parties shall split equally the cost of any major repairs needed to the property costing more than $250.00, and the parties shall discuss and agree on such repairs in advance. The Husband shall have the right to inspect the property, inside and outside, at least once a year with at least 10 days notice to the Wife.

2. Currently the mortgage on the marital residence is three (3) months behind, totaling approximately $2400.00. The parties have applied to the mortgage holder for a hardship forbearance; however, to date the mortgage holder has not responded to the parties. Provisions for payment of the above-mentioned $2400.00 by the Husband to the Wife are included in Article XXII. The parties agree that they wish to retain the property and will cooperate to take all necessary steps in their power to avoid a foreclosure action.

3. Should the parties mutually agree to sell the property, each shall be entitled to fifty percent (50%) of the net proceeds of such sale.

4. The parties hereby expressly covenant that without their express written consent, no other person shall obtain an interest in this real property except their

31

two sons. Each party specifically agrees that if he or she remarries, he or she shall require the "spouse to be" to execute an Antenuptial Agreement waiving any and all interest in said real property which that spouse might acquire under the laws of New York State or any other jurisdiction.

B. PERSONAL PROPERTY:

1. Except as otherwise specifically provided in this Agreement, all personal property, whether tangible or intangible, including but not limited to, cash, credit union and bank accounts or similar savings or investment vehicles, including checking and savings account of any kind or nature, automobiles or other motor vehicles, recreational vehicles, tools, household items, furniture and furnishings, have been fairly and reasonably divided between the parties, and any such property presently in the actual or constructive possession of either party shall henceforth be the sole, separate, and exclusive property of the party in actual or constructive possession thereof, free and clear of the nonpossessory party, and the nonpossessory party hereby waives any present or future interest in such property. The parties herein agree that they shall make a good faith effort to equitably divide their joint personal property currently located at the marital residence within thirty (30) days of the execution of this Agreement. If the parties are unable to do so, they shall enlist the services of the Center for Dispute Settlement to divide the personal property. Any cost or fee associated therewith shall be equally divided between the parties.

2. Within fifteen (15) days from the execution of this Agreement each party shall deliver any new registration, certificate of title or other ownership papers or title documents, as may be necessary to effectuate the terms and provisions of this Agreement.

32

interest, and/or penalties are levied as a result of the failure or neglect of one party to disclose income which should have been reported on such returns or because deductions attributable to one party's income are disallowed, the party responsible therefor shall indemnify and hold the other party harmless from any such levy, assessment, penalty or interest and any associated expenses, including but not limited to, legal and accounting fees incurred in conjunction with same. Each party shall cooperate fully with the other in the event of any audit or examination of any such joint income tax returns and shall furnish to the party being audited or his or her designated agents, such information or documents as may be reasonably required with respect to such audit or examination.

C.  Should there be any tax refunds, rebates, stimulus funds, or other such return on taxes, the parties shall divide any such funds equally.

D.  In the event and to the extent that additional tax liabilities, interest, and/or penalties are levied without fault attributable to either party, such liability shall be paid as follows: Each party shall contribute to said additional tax liabilities proportionately to their respective incomes for the subject tax year.

**IN WITNESS WHEREOF**, the parties hereto, having read each and every word of this Agreement, together with any and all attachments, and believing this Agreement to be fair and reasonable in all respects, have duly signed, executed and acknowledged this Agreement on the date reflected by the respective acknowledgments of the parties.

_____
DONALD C. PALMA

_____
LUCY K. PALMA

36

STATE OF NEW YORK )
COUNTY OF MONROE ) ss:

On the 10th day of January, 2010, before me, the undersigned, personally appeared DONALD C. PALMA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

SARA STOUT ASHCRAFT
Notary Public, State of New York
Monroe County, Reg # 02AS5056270
My Commission Expires_____

STATE OF NEW YORK )
COUNTY OF MONROE ) ss:

On the ___ day of January, 2010, before me, the undersigned, personally appeared LUCY K. PALMA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC
DEBORAH A. INDIVINO
NOTARY PUBLIC, State of New York
Monroe County
My Commission Expires Oct. 30, 20__

37